946 F.2d 1567
 292 U.S.App.D.C. 87
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Kelvin HARRINGTON, Appellant.
 No. 90-3155.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 16, 1991.
Rehearing and Rehearing En Banc Denied Jan. 9, 1992.
 
 Appeal from the United States District Court for the District of Columbia, Cr. No. 89-00138-01; Obendorfer, J.
 Before HARRY T. EDWARDS, RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal from a judgment of conviction was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of defendant-appellant Harrington's appeal does not warrant a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 The district court did not err in denying the motion to suppress Officer Middleton's identification testimony. The trial judge found Middleton's in-court account both clear and convincing. Explaining why he found Middleton's out-of-court identifications reliable, the district judge pointed to Middleton's training and experience in surveillance, the ample opportunity Middleton had to observe Harrington and focus on his characteristics, and the "not significant" (one-week) time that elapsed between observation and identification. Under the governing law, see Manson v. Braithwaite, 432 U.S. 98 (1987), and Neil v. Biggers, 409 U.S. 188 (1972), which calls for a "totality of the circumstances" assessment, we have no cause to disturb the district court's ruling.
 
 
 3
 Furthermore, the trial judge did not abuse his discretion in declining to strike Officer Middleton's testimony as a sanction for the government's alleged violation of the Jencks Act, 18 U.S.C. § 3500. The stipulation worked out by counsel appropriately resolved the matter of Officer Middleton's handwritten notes, used as the basis for, and submitted together with, her buy report, but discarded by her superior officer when he retained the buy report. Through that stipulation, the jury was fairly informed about the missing notes. See United States v. Gantt, 617 F.2d 831, 841-42 (D.C.Cir.1980).
 
 
 4
 Finally, upon full review of the record, we find the evidence sufficient to support the convictions on all three counts. The district court, we therefore conclude, did not err in denying the motions for judgments of acquittal. It is accordingly
 
 
 5
 ORDERED and ADJUDGED that the judgment of conviction be affirmed. The court will separately rule on the government's cross appeal, No. 90-3176, concerning Harrington's sentence.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).